The final matter for argument on our calendar today is Orellana-Rodriguez v. Lynch, 15-1625. Thank you. You don't know if he does? Okay. Yeah, okay. Good morning, Your Honor. My name is Lawrence Spivak. I represent the petitioner, Darbene Orellana-Rodriguez. First, I want to apologize for being late. I accidentally went to 500 Perla first, and I apologize. You have 10 minutes for your argument. Yes. Do you want to reserve any time for rebuttal? Yes, two minutes, Your Honor. Very good. Thank you. Your Honor, this petition seeks review of both the decisions of the Immigration Judge and the Board of Immigration Appeals, specifically as to the area of whether or not Petitioner sufficiently articulated a particular social group to which he belonged. And second is to— Speak into the microphone. I'm sorry. Specifically as to whether he articulated a particular social group as to which he belonged in Guatemala. And second, if he did, whether or not there was a nexus between that group and the harm that he and his family members experienced. I submit that in the first case, the Immigration Judge plainly erred in saying that there was no defined social group, and the Board of Immigration Appeals basically affirmed this finding silently and just dealt with the issue of nexus. So first, as to the issue of social group, first of all, in his asylum application, he articulated as persons who opposed the Mara 18 gang and their activities. However, in the testimony, and it is written in his oral testimony, he also mentioned that he had kinship ties with his uncle, who was a former military investigator who investigated drug trafficking and was himself persecuted and his family persecuted on account— Did the I.J. discuss whether that somebody whose family was involved in the police or the military or that constituted a social group? Did the I.J. discuss that issue? No, she didn't. She just went to the issue of whether or not persons who opposed the Mara 18 group could form a social group, and she found that it was insufficiently defined in two parts. And the I.J. did not discuss in any extent the question of nexus because they found no social group. So that they really—it's hard to know how you can talk about that. Right, it's hard to tell what she would have done on the issue of nexus because she never really even reached it. The board did reach it after silently affirming her decision on social groups. You say it was clearly erroneous. There's another question, and that is whether we have a right to ask the BIA and maybe to ask B.I.J. to discuss and in the first instance consider the question of whether that is a social group. If it is, we don't need to decide it, but we may say that that is an interesting and complicated question as to which there has not been any real decision, and it's up to them to decide it. Well, yes, Your Honor, because this Court has the right to review. De Novo was basically a legal conclusion, whether there is a social group or not, and then whether there is a nexus. Yeah, but the Supreme Court has made quite clear that in situations like this, they prefer to have the initial decision be made by B.I.J. and by the BIA in a free person decision, which then we are still duty-bound to give deference to, how long that may last. Right, right. So, Your Honor, I would submit that pursuant to the Supreme Court's decision in Ventura, the proper course here is to remand it for a finding on these issues because there really hasn't been any, and for that reason, we would ask that the Court send it back. In addition, ultimately, if the immigration judge reaches both of those issues, then she would also have to deal with the issue of internal relocation, which should have been dealt with also because the uncle— That was not dealt with. Right, right. Could you point me to exactly where in the record Mr. Oriana Rodriguez described the protected social group? Well, he described it first in his asylum application. I don't have the page in front of me, but in the application itself, he mentions that he belongs to a group of people who is opposed to Mara 18, he and his family, okay? And he says that we were persecuted on account of our opposition to that. In the asylum application? In the written application, yes. In the written application. He doesn't mention—he does also mention in all these family members, and in his personal statement attached to the application, that all these family members, that this particular family member, the uncle Mr. Villatoro, was a military investigator who was dealing with issues of drug trafficking, and he was first targeted, and that he had to relocate, and then even after he relocated, his son was murdered. And he subsequently had to relocate again. Did he ever, apart from narrating those facts about his uncle, did he ever specify that I'm claiming to belong to a social group which is characterized by families of the military? No, he didn't in his application. Basically, he just laid out the facts. Ever in a manner that should be cognizable? I believe that the immigration judge should have had the duty to delineate if there was a particular social group, even if he wasn't directly saying it in his testimony, because she has to weigh whether or not there's been a sufficient grounds articulated under the Act. And so she failed in her duty to reach that, and the fact would have shown that there's an immutable tie, kinship. She has a duty, even under a matter of Acostas and under a matter of MEVG, to investigate whether there's a social group and whether it's socially visible. And our position is that former military officers are a socially visible group in the local community in Guatemala, and therefore she failed to do her own duty to recognize what the social group is. And for that reason, the case should be remanded for that purpose alone. If then we come to the BIA, which seemed to assume even if there is a social group, there is no nexus. Yes. And there, my question is, was that based on facts found by VIJ, or was the BIA finding facts itself? Because if there were no facts found by VIJ, then the BIA can't find the facts. But if there were facts found by the IJ, on the basis of which the BIA could say, even if there was a social group, that is, nexus wasn't shown, then the BIA has the right to do that. And that's not clear to me. Well, Your Honor, I would argue that the BIA violated the regulations by engaging in initial fact finding. In other words, once the judge determined there was no social group, she didn't really even reach the issue of what happened, whether there is an account of, on account of, on any of the enumerated grounds based on the events that occurred. There is something of a problem here, that if your client didn't say the social group is the one that has the police in it, it's rather hard to see how somebody can say, and they found that he alleged that it was because of that that he was being persecuted. I mean, the nexus has to depend on your client having said that that's a social group, doesn't it? Yes, but I think he sufficiently articulated in his testimony facts that indicated that all this happened to members of a single family, all the relatives of his mother, whether it's the brother or the nephews and so on. What's the overlap between the former military and the family? The former military and the family? Well, the former military member is the uncle, and the family is the group here. The group would be the family members-  Who have this relationship with the former military uncle. With the former military officer who was investigating trafficking. Okay, thank you. Okay, thank you very much. We'll hear from the governor. May it please the court. My name is Evan Schultz. I represent the respondent in this case, the acting attorney general. I'd like to start off just by addressing a couple statements made by my opposing counsel. First of all, if you look at the I-589, that's the asylum application, actually there is no definition of what the particular social group at issue is. It just gives the same recitation of the facts that's repeated several times in the asylum application. If you want to look at page 367 of the record, that shows there. Second of all, I think that it's important to look at the fact that the burden here- Would you say that it's stated nowhere in the relevant papers what the proposed social group is? That's more or less correct, Your Honor. More or less is a word I don't like. Is there an allegation of what is the proposed social group, or is there not? Not in the asylum application, Your Honor, and not in the petitioner's testimony. It shows up for the first time in a clear form in the petitioner's brief to the Board of Immigration Appeals. So it shows up for the first time in the petition to the BIA, not to BIJ. That's correct, Your Honor. If you look at the instances here, and we don't try to say- We're not looking away from the facts here. There's senseless violence that took place here, and there's no denying that. But that's not enough for the petitioner to win. If you look at the immigration statute for asylum, for withholding, having violence is not enough. There has to be a link, a nexus, as you said, Your Honors, to a protected category here. And if you look at the- If we assume that the IJ was wrong, and I'm not saying that's so, in not finding this to be a category, then if the IJ did not find anything about nexus, which it didn't because it didn't really find the category, then the BIA finding no nexus could be BIA fact-finding. But the immigration judge did find that there was no nexus, Judge Calabresi. But how could the IJ find no nexus when it didn't find the category? I mean, it's never hard to understand how you can say this didn't cause that if this isn't found in the first place. Now, it may be that it didn't have any- that this that it found was people subject to violence without a family connection because the petitioner didn't make an adequate allegation. Your Honor, I think that the best way to look at what the board decided and also, to a certain extent, what the immigration judge decided is that they simply assumed that there was a PSG that had been satisfied, a particular social group that had been satisfied, more or less along the lines, especially by the board decision that came up in the brief of the petitioner to the board. The board certainly did that, but did the IJ make those findings? See, the board did assume that there was a social group and then said, on these facts, we don't find nexus. But that's where you get into trouble with the board fact finding. The IJ, I'm trying to find whether it did that. If the IJ had said, I will assume arguendo that this is a valid social group and there is no evidence here of this, this, and this of nexus, then you're fine, then your point is clear. But I'm having a little trouble finding that in the IJ's decision. And I understand that, Your Honor. I'm not claiming that these opinions are necessarily models of clarity, but I think that the element, that the ingredients are there. If you look at the immigration judge decision, it walks through the relevant facts here. It walks through what happened to the family of the petitioner. It talks about how the petitioner basically said that there were the elements that went into what ultimately the board found was the. I've got to tell you, I don't think that's enough if the petitioner adequately pled the group. And that, for me, is the problem. Which here the petitioner did not. My notes suggest that Mr. Oriana Rodriguez provided a written statement to the IJ saying that it was a, quote, a combination of his family's relative success in business and past service in the military that caused them to be targeted by violent gangs. And then when asked during the hearing with the IJ why he and his family were targeted, so groups starting to emerge then, he explains that the attacks and threats stemmed from his uncle's anti-gang activity in the Army. That's correct. On both counts, Your Honor, I'd like to explain each of those. In turn, the written statement to the court, which I think was dated from 2012, was not testimony, for starters, but be that as it may. It also didn't discuss any specific incidents to say why the attacks, the various incidents of violence, were related to the PSG. That's a very general statement that isn't linked to the various. But still, he's identifying a protected social group. It's starting to, the notion of family and the anti-gang activity is emerging, isn't it? I suppose one might say that it's maybe starting to emerge, but that's not enough to really crystallize. That's the question. Was there enough so that the IJ was informed that this person was making a claim on the basis that this was a social group? And if that is there, then you got the problem that the IJ, without any real discussion, says there is no valid social group and there is no holding on that ground ultimately either by the IJ or the BIA because the BIA didn't go on that ground. The BIA then grows on the ground of no nexus, which it's rather hard to see the IJ going on because the IJ found no social group. So for me, the question comes back again whether that is an adequate plea of social group or not. If it is, then I think we can properly send it back and say, is this a social group? Tell us that. That would be useful for us to know. And then we will defer to you if you find it one way or another way. But that's the nub of the argument. And I understand, Judge Calabresi. I still think that the best way to look at it is that, as the immigration judge said, the background information submitted had been reviewed, including that statement, Judge Carney. To the extent that I suppose we're on a little bit of a precipice here, on the one hand, I think that the way that you phrase it is actually fairly accurate, that that might be the emerging of a particular social group and probably enough to satisfy what the immigration judge needed to do for purposes of sussing out what the Petitioner was trying to get at. But at the same time, the Petitioner never met the burden of showing Petitioners a particular social group. The immigration judge basically went to nexus. And again, maybe it would have been — No, the immigration judge did not go to nexus. Did, Your Honor, actually, if you look at the — It said there is no social group, and therefore there can be no nexus. I think that it goes further than that. I think that the immigration judge actually has a holding there, has statements saying that there's no nexus, and that's simply based on the overall review of the facts. That goes to the point that this might be the neatest decision, but still, I think the elements are there. Judge Carney, to go back to your point about the testimony for a moment, you mentioned that there was a statement in the record where the Petitioner said that there was a threat against his family. I think if you look very closely at that part of the record, it's very — there are lots of incidents here. If you look at that particular part of the record, there was, within a page or so before that, there was a talk about the Petitioner being followed, about the — I'm sorry, about the Petitioner being held in school, the Petitioner being followed, and then on the next page of the record, there's a discussion about the uncle being shot at in the military, and then soon after that, being shot at, the uncle again being shot at outside his home, and then after that, there's a discussion about the threats that went to the Petitioner's uncle. If you look at the exact transcript, the question asks, what are the threats that went against your uncle? What's the reason for those threats? In our brief, we don't deny that there's a link, that the Petitioner says that for his uncle, that there's a retribution going on for the uncle himself, but if you look at the actual record, there's no — there's no point in the testimony where the Petitioner actually says that those incidents of violence were based on the link to the uncle. Instead, they were very clearly, in his own words, based on crime, on extortion, and for some of the incidents, he gives no reason whatsoever. So focusing on Nexus for a minute, Your Honors, this is very similar to the case in Elias Sicarius, where the Supreme Court said, here, it's not something that there's a lack of evidence on Nexus. It's that there's affirmative evidence in the other direction for an unprotected ground. I see that my time has expired. And here, it's a very parallel situation. There are statements from the Petitioner's own mouth time and time again. I can give you the record sites if you'd like, where the Petitioner says when he was followed, it's because his mother was threatened for money. They wanted money from her. When the aunt was initially called up for her used clothing store, she was told that she needed to give money when her— Yeah, yeah. But again, I don't—is this what we can properly say V.I.J. found, or is this something that instead the B.I.A. found? Because if it was the B.I.A. finding— Yes, Your Honor. Then it's the B.I.A. fact finding that it cannot do. So what you have to—your points are well taken, but they have to be associated with V.I.J. We do have that, Your Honor. If you look at the Gao decision and if you look at the Zeman decision, they're very clear that when the board follows generally the immigration court, that this court in reviewing may look at the immigration judge for further context and further guidance. That's all that's going on here. We don't claim these are models of clarity, but all the elements are there, and they do fit our conclusion that the petition should be dismissed. Thank you. Thank you, Your Honors. Mr. Schultz. Mr. Schultz, I'll ask you to step back. You have two minutes. Your Honors, just in conclusion, it's our assertion that Judge Nelson did not apply these facts regarding crime, whether it's related to the family or not, to the social group. And she didn't clearly articulate it incident by incident. Had she done that, perhaps there would be a defensible fact finding. But here what happened is the board just completely skipped over the issue of social group, assuming that it had been dealt with. It wasn't dealt with, and then they proceeded to make fact finding in the first instance. And here I disagree with counsel's assertion that there's no attempt to envision the social group even in the asylum application. In the statement that's attached, he's again saying these things are happening because I'm related to this person. Again, I have two things. One, did you plead it adequately? And we've got that's all been discussed. The second thing is whether we can properly say that the IJ, looking at this, found that Nexus, assuming a social group of family involvement of that, that Nexus was not adequately demonstrated. Because if the IJ got far enough along that, then the totally rudimentary action of a BIA is okay. So the question really is what can we say about the IJ's fact finding with respect to Nexus? And that's, you know, frankly, I'm going to have to go back and look at that with more care because my initial reaction was it didn't say much because it found no social group, but it may be that what opposing counsel says has more to it. Just because we're having a conversation here, I'm reading the IJ opinion, and the IJ says the court finds the respondent has not demonstrated a Nexus between the harm feared and one of the protected grounds. But, of course, the discussion of protected grounds is somewhat amorphous. Yeah, that's the question. If protected grounds is social group generally of people from violence, then, of course, there is no Nexus because that's not a social group. So that's the key question. The problem here is that it appears that Judge Nelson assumed that the social group was everyone who's opposed to the Mara gangs and didn't articulate and didn't deal with the facts asserted in his testimony as the kinship ties to the military investigation. And, therefore, so the only way that she could have done this properly is to address each of the incidents because they're laid out in clear detail and whether or not they demonstrate a Nexus to a social group. But the burden is yours. That's correct, but we believe he met his burden written in his oral testimony by conceiving of it and developing, although not specifically stating it directly on the record. Thank you very much. We have the arguments. We'll reserve decision. The final case on the calendar for today, United States v. Ilarumendi, is not submission. Clerk will adjourn court. Court is adjourned.